**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WISCONSIN**

**STEFANNIE DYSON,**
Plaintiff,

v.

**KEVIN HAMILL,** Detective, Marshfield Police Department, individually;
**OFFICER GROSS,** Marshfield Police Department, individually;
**PATRICK ZEPS,** Assistant Chief / Complainant, Marshfield Police Department, individually;
**NICHOLAS J. BRAZEAU JR.,** Wood County Circuit Court Judge, individually and officially;
**ROBERT ZIVILICH,** Cook County Extradition Officer, individually;
**COOK COUNTY SHERIFF'S OFFICE;**

**COOK COUNTY, ILLINOIS;**
**WOOD COUNTY, WISCONSIN;**
**MARSHFIELD POLICE DEPARTMENT;**
**JASMINE HALL;**
**JOHN DOE COOK COUNTY SHERIFF DEPUTIES 1–10;**
Defendants.

**26  CV  385  WMC**

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**42 U.S.C. § 1983**

**DEMAND FOR JURY TRIAL**

Plaintiff Stefannie Dyson, brings this civil rights action for malicious prosecution, unlawful seizure, fabrication of evidence, unlawful detention, denial of due process, conspiracy, deliberate indifference, excessive bail, and related constitutional violations.

## I. JURISDICTION AND VENUE

1. This action arises under the United States Constitution and **42 U.S.C. § 1983.**
2. This Court has federal-question jurisdiction under **28 U.S.C. § 1331.**
3. Venue is proper in the Western District of Wisconsin because the Wisconsin criminal complaint, warrant, prosecution, bail proceedings, probable cause proceedings, and dismissal occurred in Wood County, Wisconsin.
4. Venue is also proper because the Wisconsin warrant was the direct instrument used to arrest, hold, extradite, and detain Plaintiff.

## II. PARTIES

1

## A. Plaintiff

5.  Plaintiff Stefannie Dyson was arrested on January 4, 2021, held in Cook County Jail for approximately three years, extradited to Wisconsin on or about February 6, 2024, held in Wood County custody, and released after the Wisconsin case was dismissed on April 30, 2024.

## B. Wisconsin Defendants

6.  Defendant **Kevin Hamill** was a Detective with the Marshfield Police Department. He investigated the Mid State Truck allegations, gathered records, relied on false and incomplete reports, omitted exculpatory financial information, and caused criminal charges and a warrant to issue.
7.  Defendant **Officer Gross** was an officer with the Marshfield Police Department who participated in the investigation and assisted in advancing the prosecution.
8.  Defendant **Patrick Zeps** was Assistant Chief / complainant with the Marshfield Police Department. He electronically signed the criminal complaint on or about April 8, 2020, swore to the truthfulness and reliability of the complaint, and caused charges to proceed despite missing jurisdictional facts, false loss amounts, and lack of identification.
9.  Defendant **Nicholas J. Brazeau Jr.** was a Wood County Circuit Court Judge. Plaintiff sues him in his individual capacity for knowingly acting in the clear absence of jurisdiction, and in his official capacity for declaratory relief. Plaintiff alleges he proceeded despite the complaint showing no crime committed by Plaintiff in Wood County, limited Plaintiff's ability to challenge probable cause, maintained unaffordable cash bail, and used competency proceedings in retaliation after Plaintiff requested a hearing on a motion to dismiss rather than discuss plea negotiations.
10. Defendant **Wood County, Wisconsin** is a municipal entity responsible for policies, customs, and practices connected to detention, bail, prosecution procedures, and court-related custody practices.
11. Defendant **Marshfield Police Department** is the law enforcement agency whose officers investigated and initiated the prosecution.

## C. Illinois Defendants

12. Defendant **Robert Zivilich** was a Cook County extradition officer involved in Plaintiff's extradition proceedings after the January 4, 2021 arrest.
13. Defendant's Cook County, Illinois, and **Cook County Sheriff's Office** arrested Plaintiff on January 4, 2021, detained her, held her for years, and maintained custody based on the Wisconsin warrant.
14. Defendants **John Doe Thomas Cook County Sheriff Deputies 1–10** include the deputies who detained, searched, seized, transported, or processed Plaintiff on January 4, 2021, and those who participated in custody and extradition processing.

## D. Civilian Co-Conspirator

2

15. Defendant **Jasmine Hall** is a private individual who acted jointly with state actors. Plaintiff alleges Hall created or encouraged false Cook County allegations and helped direct Wisconsin and Illinois actors toward using the Wisconsin warrant to have Plaintiff arrested and detained so he could take Plaintiff's children and relocate them out of state while Plaintiff remained unlawfully incarcerated on false charges brought by Hall's false complaint.

## III. FACTUAL ALLEGATIONS

### A. The 2018 Mid State Truck Allegations

16. The Wisconsin criminal case arose from alleged truck repair payments connected to Mid State Truck Service in Marshfield, Wood County, Wisconsin.
17. The criminal complaint alleged that on or about **Wednesday, August 8, 2018**, in Marshfield, Wood County, Wisconsin, Plaintiff obtained title to property of Mid State Truck Service valued over $10,000 but not more than $100,000 by false representation.
18. The complaint also alleged two identity theft counts involving alleged use of account numbers belonging to **MRJ** and **RMJ**.
19. Plaintiff denies all allegations.
20. Plaintiff alleges she was **not physically present in Wood County, Wisconsin on August 8, 2018 committing theft, identity theft, false representation, or any crime**.
21. Plaintiff alleges Defendants knew or should have known that the complaint did not establish that Plaintiff committed any criminal act in Wood County.
22. Plaintiff alleges Defendants used false statements, omissions, inflated loss amounts, and false identification claims to create the appearance of probable cause and territorial jurisdiction.

### B. November 27, 2018 Police Report by KRW

23. On or about **November 27, 2018**, Mid State Truck employee **KRW** made a police report to Marshfield Police Department.
24. KRW claimed Plaintiff made several credit card payments for service provided on a truck.
25. KRW claimed that after the truck was picked up, the payments were voided as fraudulent.
26. KRW's report was false or materially misleading because it did not establish that Plaintiff was the person who made the alleged payments.
27. KRW's report was false or materially misleading because it failed to identify the alleged caller or emailer by any reliable method.
28. KRW's report was false or materially misleading because it claimed or implied a loss amount that was later contradicted by financial records.
29. KRW's report was false or materially misleading because the alleged loss amount of approximately **$13,297.87** included amounts that bank records showed were not reimbursed or were denied as claims.

3

30. Plaintiff alleges the November 27, 2018 report was used as the foundation for criminal charges despite lacking reliable identification, reliable loss calculation, and proof of Plaintiff's presence in Wood County committing said criminal acts alleged.

## C. Statements by NSD and CJL Did Not Identify Plaintiff as the Payment Caller

31. Detective Hamill allegedly met with Mid State employee **NSD**, who stated he had been with Plaintiff when the truck was dropped off.
32. NSD allegedly identified Plaintiff from a known photograph or photo array.
33. NSD's alleged identification did not prove that Plaintiff made fraudulent payments.
34. NSD's alleged identification did not prove Plaintiff was the alleged caller or emailer who provided payment information.
35. NSD's alleged statement did not establish that Plaintiff was physically present in Wood County on August 8, 2018 committing theft or identity theft.
36. Detective Hamill also allegedly met with **CJL**, a service manager at Mid State Truck.
37. CJL allegedly stated he met Plaintiff around August 5, 2018 when the truck was picked up.
38. CJL allegedly identified Plaintiff from a photo array.
39. CJL's alleged identification did not prove Plaintiff made alleged fraudulent payments.
40. CJL's alleged identification did not prove Plaintiff was the caller or emailer who provided payment information.
41. CJL's alleged identification did not establish that Plaintiff committed theft or identity theft in Wood County.
42. Defendants knowingly used witness statements that did not establish the required elements of the charged offenses.

## D. March 5, 2019 Police Report / Follow-Up Report

43. On or about **March 5, 2019,** additional Marshfield Police reporting was created concerning the Mid State Truck allegations.
44. Plaintiff alleges this report showed or confirmed that there was no positive identification of Plaintiff as the alleged caller or emailer.
45. Plaintiff alleges this report was exculpatory because it showed the accusation depended on speculation rather than identification.
46. Plaintiff alleges Defendants failed to properly disclose, credit, or include this exculpatory information in the probable cause presentation.
47. Plaintiff alleges this omission was deliberate because the lack of identification defeated probable cause for theft by false representation and identity theft.

## E. The Alleged Financial Loss Was False, Inflated, and Materially Misrepresented

48. The Wood County complaint and Mid State Truck records referenced a repair total of approximately **$13,297.87**.

49. Plaintiff alleges an accounting of credit card charges reflected amounts exceeding **$16,000**, showing inconsistency between alleged repair cost and alleged payment activity.

50. Plaintiff alleges Detective Hamill's report dated around **January 21, 2019** reflected total reversed charges of approximately **$9,254.30.**

51. If the reversed charge amount was approximately $9,254.30, then the felony threshold of more than $10,000 was not supported.

52. Plaintiff alleges Defendants inflated and misrepresented loss amounts to elevate the theft charge into the $10,000 to $100,000 felony range.

53. Plaintiff alleges bank records from **TCF Bank dated around January 17, 2019** showed that two claims of approximately **$2,900** and **$2,931.93** for alleged victim Rajuan Jones were denied and not reimbursed.

54. Plaintiff alleges those denied and non-reimbursed amounts were improperly included in the claimed loss total.

55. Plaintiff alleges Defendants knew or should have known that denied claims and non-reimbursed amounts could not lawfully be used as actual loss to support the charged felony amount.

56. Plaintiff alleges Defendants omitted this exculpatory financial evidence from the criminal complaint.

57. Plaintiff alleges the omissions were material because the amount of loss controlled the seriousness of the theft charge.

58. Plaintiff alleges Defendants failed to confirm whether alleged victims were actually reimbursed.

59. Plaintiff alleges Defendants failed to confirm or disclose whether any financial institution actually suffered loss.

60. Plaintiff alleges Defendants failed to confirm whether Mid State Truck actually lost the amounts claimed.

61. Plaintiff alleges Defendants deliberately avoided confirming reimbursement and denial information because it would destroy said claims And omitted this information from discovery.

## F. No Complaint by Alleged Identity Theft Victims Supported the Identity Theft Charges

62. Plaintiff alleges no independent complaint from alleged identity theft victims existed sufficient to support identity theft charges.

63. Plaintiff alleges the identity theft charges were based on bank dispute records rather than a true criminal complaint from the alleged victims.

64. Plaintiff alleges Defendants failed to verify whether MRJ or RMJ authorized any transactions.

65. Plaintiff alleges Defendants failed to verify whether any alleged victim was actually defrauded.

66. Plaintiff alleges Defendants failed to verify whether any alleged victim's bank claim was approved, denied, paid, or reimbursed.

67. Plaintiff alleges Defendants used incomplete bank information to create false identity theft charges.

### G. Heartland / Merchant Records Were Incomplete and Withheld Material Information

68. Plaintiff alleges Heartland merchant records provided in discovery were incomplete.
69. Plaintiff alleges the Heartland records appeared cut, pasted, or incomplete because column headings were blacked out or unreadable.
70. Plaintiff alleges a claim letter dated around **March 1, 2018** was produced, but no final claim decision letter was produced showing whether the claim was granted, denied, paid, or rejected.
71. Plaintiff alleges the absence of a final decision letter was material.
72. Plaintiff alleges Defendants withheld or failed to obtain the final claim outcome because it would show the alleged loss amount was false or unsupported.
73. Plaintiff alleges withholding financial claim outcome information violated due process and Brady-type disclosure duties.

### H. No Contract or Authorization Established Theft by False Representation

74. Plaintiff alleges the Mid State Truck invoice, work order, or repair authorization did not contain Plaintiff's signature.
75. Plaintiff alleges the contract was not in Plaintiff's name.
76. Plaintiff alleges no valid contract existed between Plaintiff and Mid State Truck proving she authorized the repairs.
77. Plaintiff alleges no document proved Plaintiff obtained title to property of Mid State Truck.
78. Plaintiff alleges Count I of the Wisconsin complaint falsely alleged Plaintiff obtained title to property owned by Mid State Truck.
79. Plaintiff alleges Defendants knew no evidence supported the "obtained title" allegation.
80. Plaintiff alleges Defendants manufactured that allegation to elevate a civil billing dispute into a felony criminal case.

### I. The False Affidavit of Identification

81. In connection with the extradition paperwork and prosecution, an **Affidavit of Identification** was created.
82. The affidavit was sworn by **Nathan T. Oswald**, Assistant District Attorney, or another prosecuting official involved in extradition documents.
83. The affidavit stated that photographs and/or fingerprint records were obtained from **Wood County Jail**.
84. The affidavit claimed those records were connected to Plaintiff.
85. Plaintiff alleges this statement was false.
86. Plaintiff had **never been arrested, booked, housed, or held in Wood County Jail** before the warrant and extradition paperwork.
87. Plaintiff alleges Defendants knew this statement was false.
88. Plaintiff alleges this false affidavit was used to create the false impression that Plaintiff had a prior Wood County custodial or identification connection.
89. Plaintiff alleges the false affidavit was used to support identification, probable cause, extradition, and jurisdiction.

6

90. Plaintiff alleges the false affidavit was material because identification and jurisdiction were central issues.

91. Plaintiff alleges the false affidavit was part of the fabrication of evidence.

## J. Delay from 2018 to 2020 Shows Malice and Lack of Probable Cause

92. The alleged conduct occurred in or around 2018.

93. The police report was made in November 2018.

94. Financial records were obtained in 2019.

95. Yet charges were not filed until **2020**.

96. Plaintiff alleges this delay demonstrates that Defendants lacked probable cause in 2018 and 2019.

97. Plaintiff alleges the case was revived in 2020 only after Wisconsin actors coordinated with Illinois actors via Jasmine Hall.

98. Plaintiff alleges the delayed filing was not legitimate law enforcement, but was done to create a warrant that Illinois actors could use to arrest and hold Plaintiff on false Cook County charges of Child abduction while Hall fled to South Dakota with plaintiff's children.

## K. Jasmine Hall's Motive and Role

99. Defendant Jasmine Hall had a custody dispute with Plaintiff.

100.    Plaintiff alleges Hall created false Cook County allegations to have Plaintiff incarcerated.

101.    Plaintiff alleges Hall's purpose was to take Plaintiff's children, remove Plaintiff from their lives, and relocate with them.

102.    Plaintiff alleges Hall intended to move or did move the children to South Dakota while Plaintiff was incarcerated.

103.    Plaintiff alleges Hall connected Wisconsin officials with Steger Police Department and Cook County officials to further fraudulent acts against plaintiff.

104.    Plaintiff alleges Hall encouraged the Wisconsin warrant to be issued so it could be used in Illinois to arrest Plaintiff.

105.    Plaintiff alleges Hall acted jointly with state actors by supplying false information, encouraging prosecution, and coordinating with law enforcement.

106.    Plaintiff alleges Hall's motive was personal, malicious, and custody-related.

## L. Illinois / Cook County Extradition Chain

107.    Plaintiff alleges Cook County officials and extradition actors used the Wisconsin warrant to arrest and hold her.

108.    Plaintiff was arrested in Cook County on **January 4, 2021.**

109.    Plaintiff was at the Cook County court records building when she was detained.

110.    Plaintiff alleges a stop order had been placed so she would be arrested when she came to the courthouse.

7

111. Plaintiff alleges Cook County Sheriff deputies seized her identification, phone, keys, and property.
112. Plaintiff alleges she was searched without lawful cause.
113. Plaintiff alleges she was not served with a Wisconsin extradition warrant.
114. Plaintiff alleges Cook County records falsely state that she was served.
115. Plaintiff alleges Defendant Robert Zivilich failed to follow extradition laws.
116. Plaintiff alleges Zivilich failed to ensure lawful service of the extradition warrant.
117. Plaintiff alleges Zivilich participated in continued detention based on unlawful and defective extradition paperwork.
118. Plaintiff alleges Illinois actors used the Wisconsin warrant to hold her in custody for over three years.

## M. Prolonged Detention from January 4, 2021 to April 30, 2024

119. Plaintiff was incarcerated beginning **January 4, 2021.**
120. Plaintiff remained incarcerated in Cook County Jail for approximately three years.
121. Plaintiff alleges the Illinois child abduction case was on I-bond status and was later nolle-prossed / dismissed.
122. Plaintiff alleges Cook County incarceration records stated she was held on a Wisconsin extradition warrant for theft.
123. Plaintiff alleges the Wisconsin warrant was the actual basis for her continued restraint.
124. Plaintiff was extradited to Wisconsin on or about **February 6, 2024.**
125. Plaintiff remained in custody in Wisconsin until the case was dismissed on **April 30, 2024.**

## N. Speedy Trial Demand and Refusal to File

126. Plaintiff mailed a speedy trial demand to Wood County around **January 8, 2024.**
127. Plaintiff alleges Wood County refused or delayed filing the speedy trial demand for almost two weeks after receiving it.
128. Plaintiff alleges the delay was intentional and designed to deny Plaintiff speedy trial credit.

## O. Motion to Dismiss and Refusal to File

129. Plaintiff prepared and submitted a motion to dismiss in Wood County.
130. Plaintiff's motion challenged personal jurisdiction, subject matter jurisdiction, geographic jurisdiction, probable cause, and the false factual basis of the charges.
131. Plaintiff alleges the clerk received the motion and refused to file it.
132. Plaintiff alleges her friend Blake Billups mailed the motion certified with a green card.
133. Plaintiff alleges the motion still was not filed.
134. Plaintiff alleges two inmates she met in Waupaca County Jail personally took the motion to the court to be filed.
135. Plaintiff alleges the motion still was not filed, and no hearing was scheduled.

8

136.    Plaintiff alleges the refusal to file her motion denied due process and prevented her from challenging the false charges.

## P. Preliminary Hearing and Blocked Cross-Examination

137.    At Plaintiff's preliminary hearing, only one officer appeared as a witness.

138.    Plaintiff believes that officer was Detective Hamill.

139.    Plaintiff attempted to question the officer about identification.

140.    Plaintiff attempted to ask about the photo array and "known photo" used by Mid State Truck witnesses.

141.    Plaintiff alleges the photo used was a mugshot from another Wisconsin county where Plaintiff was holding a sign with her name clearly written.

142.    Plaintiff alleges this made the identification suggestive, unreliable, and improper.

143.    Plaintiff alleges Judge Brazeau stopped Plaintiff's questioning.

144.    Plaintiff alleges Judge Brazeau threatened contempt if she continued asking those questions.

145.    Plaintiff alleges Judge Brazeau ended or limited the hearing and falsely found probable cause.

146.    Plaintiff alleges this prevented her from exposing lack of probable cause.

## Q. Bail Violations in Wood County

147.    Plaintiff was held in Wood County on **$30,000 cash bail**.

148.    Plaintiff told the court she had already been held in Cook County Jail for approximately three years on the Wisconsin warrant.

149.    Plaintiff alleges Judge Brazeau initially denied or dismissed the significance of that fact.

150.    Plaintiff submitted Cook County verification of incarceration showing that the child abduction case was on I-bond / nol-prossed and that she was held on the Wisconsin extradition warrant for theft.

151.    After seeing that documentation, bail was reduced to **$15,000 cash**.

152.    Plaintiff alleges the court still failed to apply Wisconsin constitutional and statutory bail protections.

153.    Plaintiff alleges bail was excessive.

154.    Plaintiff alleges the court failed to conduct an ability-to-pay analysis.

155.    Plaintiff alleges the court failed to consider nonmonetary conditions or signature bond.

156.    Plaintiff alleges the court ignored Plaintiff's medical condition, including severe malnutrition, anemia, weight loss, and possible cervical cancer concerns identified through an abnormal pap smear.

157.    Plaintiff alleges the bail decision was punitive and coercive, not reasonably calculated to ensure appearance.

## R. Coercive Plea Tactics and Competency Retaliation

9

158. Plaintiff refused to accept a plea offer.

159. Plaintiff alleges the assistant district attorney requested a competency evaluation to delay or defeat Plaintiff's speedy trial demand.

160. Plaintiff alleges Judge Brazeau stated Plaintiff was smart and not incompetent.

161. Plaintiff alleges after Plaintiff refused to discuss or accept a plea deal, Judge Brazeau changed position and said he believed Plaintiff was incompetent.

162. Plaintiff alleges competency proceedings were ordered as retaliation for refusing a plea.

163. Plaintiff was sent to Mendota Mental Health Hospital for evaluation.

164. Plaintiff alleges a female doctor at the hospital encouraged her to accept the plea deal so she could go home.

165. Plaintiff refused because she was not guilty.

166. Plaintiff alleges the competency process was used to pressure, punish, and coerce her into a guilty plea.

## S. Dismissal on April 30, 2024

167. Plaintiff was returned from the hospital to jail.

168. Plaintiff was offered clothing for trial.

169. Plaintiff appeared by Zoom or court proceeding.

170. On **April 30, 2024**, the Wisconsin case was dismissed.

171. Plaintiff was released the same day.

172. No conviction was entered.

173. The prosecution terminated in Plaintiff's favor.

## IV. DEFENDANTS' INDIVIDUAL ROLES

### A. Kevin Hamill

174. Hamill investigated the Mid State Truck allegations.

175. Hamill obtained witness statements that did not identify Plaintiff as the payment caller or emailer.

176. Hamill obtained or reviewed financial records showing inconsistent loss amounts.

177. Hamill knew or should have known that TCF records showed certain claims were denied and not reimbursed.

178. Hamill knew or should have known that the alleged loss amount was inflated.

179. Hamill knew or should have known Plaintiff was not proven to be physically present in Wood County committing theft or identity theft.

180. Hamill nevertheless caused the criminal complaint and warrant to proceed.

181. Hamill omitted exculpatory evidence.

182. Hamill relied on false or misleading information.

183. Hamill caused Plaintiff's arrest, extradition, and detention.

### B. Officer Gross

10

184. Gross participated in the investigation.
185. Gross relied on the false or incomplete Mid State Truck statements.
186. Gross failed to verify Plaintiff's identity as the alleged caller or emailer.
187. Gross failed to verify Plaintiff's physical presence in Wood County.
188. Gross failed to correct false or inflated financial allegations.
189. Gross assisted in the continuation of proceedings despite lack of probable cause.

## C. Patrick Zeps

190. Zeps signed the criminal complaint on or about **April 8, 2020.**
191. Zeps acted as complainant.
192. Zeps certified that the facts in the complaint were truthful and reliable.
193. Zeps signed despite the complaint lacking proof Plaintiff was physically present in Wood County.
194. Zeps signed despite lack of reliable identification.
195. Zeps signed despite financial records contradicting the claimed loss amount.
196. Zeps caused the warrant and prosecution to proceed.
197. Zeps acted with reckless disregard for the truth.

## D. Nicholas J. Brazeau Jr.

198. Brazeau exercised jurisdiction despite the complaint failing to show Plaintiff committed a crime in Wood County.
199. Brazeau found probable cause despite missing jurisdictional facts and unreliable identification.
200. Brazeau limited Plaintiff's ability to cross-examine the officer about identification.
201. Brazeau threatened contempt when Plaintiff tried to expose defects in probable cause.
202. Brazeau imposed and maintained excessive cash bail.
203. Brazeau failed to consider Plaintiff's ability to pay.
204. Brazeau failed to consider Plaintiff's three-year detention on the same warrant.
205. Brazeau ordered competency proceedings after Plaintiff refused plea discussions despite previously acknowledging no incompetency.
206. Plaintiff alleges Brazeau acted knowingly in the clear absence of jurisdiction and is sued in both individual and official capacities.

## E. Robert Zivilich

207. Zivilich participated in the Cook County extradition process.
208. Zivilich failed to ensure Plaintiff was lawfully served with an extradition warrant.
209. Zivilich allowed false records to reflect service.
210. Zivilich failed to ensure compliance with extradition law.
211. Zivilich facilitated prolonged detention based on defective process.

### F. Cook County Sheriff's Office and John Doe Deputies

212. Cook County Sheriff's deputies arrested Plaintiff on January 4, 2021.
213. They seized Plaintiff's person and property.
214. They detained Plaintiff based on the Wisconsin warrant.
215. They failed to serve Plaintiff with an extradition warrant.
216. They maintained custody despite defective process.
217. They participated in Plaintiff's three-year detention.

### G. Wood County

218. Wood County permitted prosecution and detention despite lack of probable cause.
219. Wood County permitted excessive cash bail practices.
220. Wood County allowed refusal or delay in filing Plaintiff's speedy trial demand and motion to dismiss.
221. Wood County failed to prevent constitutional violations.

### H. Marshfield Police Department

222. Marshfield Police Department failed to train or supervise officers on probable cause, financial evidence verification, identity verification, and exculpatory omissions.
223. Marshfield Police Department permitted officers to rely on incomplete or false reports.
224. Marshfield Police Department allowed inflated loss allegations to support felony charges.

### I. Jasmine Hall

225. Hall created or encouraged false Cook County allegations.
226. Hall connected or helped connect Wisconsin officials with Illinois actors.
227. Hall acted with the motive to have Plaintiff incarcerated.
228. Hall wanted Plaintiff unable to protect custody rights.
229. Hall sought to take Plaintiff's children and relocate them, including to South Dakota.
230. Hall acted jointly with state actors by encouraging prosecution and use of the Wisconsin warrant.

### V. CLAIMS FOR RELIEF
### COUNT I

### FOURTH AMENDMENT UNLAWFUL SEIZURE

### Elements

12

231.  To establish unlawful seizure, Plaintiff must show:
   a. Plaintiff was seized;
   b. Defendants acted under color of law;
   c. the seizure lacked probable cause or lawful process;
   d. each defendant caused or participated in the seizure.

## How the Elements Are Met

232.  Plaintiff was seized on **January 4, 2021** at the Cook County court records building.
233.  Cook County Sheriff deputies detained Plaintiff and took her into custody.
234.  The seizure was based on the Wisconsin warrant caused by Hamill, Gross, Zeps, and related Wisconsin actors.
235.  The seizure lacked probable cause because Plaintiff was not shown to be in Wood County, no witness identified Plaintiff as the payment caller, the loss amount was false or inflated, and the affidavit of identification was false.
236.  Hamill caused the seizure by preparing and advancing the defective complaint.
237.  Gross caused the seizure by assisting the defective investigation.
238.  Zeps caused the seizure by signing and certifying the defective complaint.
239.  Zivilich caused continued seizure by processing extradition without lawful service.
240.  Cook County Sheriff's Office and John Doe deputies caused the seizure by arresting and holding Plaintiff without proper process.
241.  Plaintiff suffered loss of liberty from January 4, 2021 through April 30, 2024.

## COUNT II

## FOURTH AMENDMENT MALICIOUS PROSECUTION

### Elements

242.  To establish malicious prosecution under § 1983, Plaintiff must show:
   a. Defendants initiated or continued criminal proceedings;
   b. the proceedings lacked probable cause;
   c. Defendants acted with malice or improper purpose;
   d. Plaintiff suffered a deprivation of liberty;
   e. the proceedings terminated in Plaintiff's favor.

### Element 1: Initiation or Continuation of Proceedings

243.  Hamill initiated proceedings by investigating, preparing, and submitting allegations that became the 2020 Wood County criminal complaint.
244.  Gross continued proceedings by assisting the investigation and relying on unverified reports.
245.  Zeps initiated proceedings by signing the criminal complaint on or about April 8, 2020.

246.    Hall initiated or caused proceedings by providing false information, encouraging law enforcement, and connecting Illinois and Wisconsin actors for his custody-related motive.

247.    Zivilich continued proceedings by enforcing extradition and detention after the warrant issued.

248.    Cook County and its Sheriff's Office continued proceedings by holding Plaintiff based on the Wisconsin warrant.

249.    Brazeau continued proceedings by finding probable cause, maintaining bail, limiting cross-examination, and allowing the prosecution to proceed.

## Element 2: Lack of Probable Cause

250.    No probable cause existed because no witness positively identified Plaintiff as the caller or emailer who made the payments.

251.    No probable cause existed because the complaint failed to show Plaintiff committed theft or identity theft while physically present in Wood County.

252.    No probable cause existed because the financial loss amount was false, inflated, and contradicted by bank records.

253.    No probable cause existed because TCF Bank records showed certain claims were denied and not reimbursed.

254.    No probable cause existed because Defendants failed to verify whether the alleged victims were reimbursed.

255.    No probable cause existed because Defendants omitted the denied claim information.

256.    No probable cause existed because Defendants relied on a false affidavit claiming Plaintiff's identification records came from Wood County Jail when Plaintiff had never been housed there.

257.    No probable cause existed because the Mid State Truck contract or work order did not contain Plaintiff's signature and did not establish a criminal theft.

258.    Hamill lacked probable cause because he knew or should have known the reports did not identify Plaintiff and the financial records contradicted the claimed loss.

259.    Gross lacked probable cause because he relied on the same unverified and incomplete information.

260.    Zeps lacked probable cause because he signed the complaint despite the defects being apparent.

261.    Zivilich lacked lawful basis because he processed extradition based on a warrant supported by false and incomplete information.

262.    Cook County Sheriff's Office lacked lawful basis because Plaintiff was not properly served and the process was defective.

263.    Brazeau lacked lawful basis because the face of the complaint and record did not establish Wood County jurisdiction or probable cause.

## Element 3: Malice or Improper Purpose

14

264. Malice is shown by the two-year delay from the 2018 allegations to the 2020 charges.

265. Malice is shown by the deliberate omission of financial records showing denied claims and lack of reimbursement.

266. Malice is shown by inflated loss amounts used to elevate charges.

267. Malice is shown by the false affidavit of identification.

268. Malice is shown by the attempt to create jurisdiction where none existed.

269. Malice is shown by the coordination with Jasmine Hall and Illinois actors.

270. Malice is shown by Hall's motive to remove Plaintiff from her children, have Plaintiff jailed, and relocate the children.

271. Malice is shown by using the Wisconsin warrant to hold Plaintiff in Cook County for approximately three years.

272. Malice is shown by using excessive bail to keep Plaintiff detained in Wisconsin.

273. Malice is shown by using competency proceedings after Plaintiff refused a plea offer.

274. Hamill acted with malice by advancing the case despite known contradictions.

275. Gross acted with malice by participating despite obvious lack of identification.

276. Zeps acted with malice by certifying a defective complaint.

277. Hall acted with malice because his goal was custody control and relocation of children.

278. Zivilich acted with malice or reckless disregard by continuing extradition detention without lawful service.

279. Cook County Sheriff's Office acted with reckless disregard by holding Plaintiff on defective process.

280. Brazeau acted with malice or reckless disregard by proceeding despite jurisdictional defects and using coercive court procedures.

## Element 4: Deprivation of Liberty

281. Plaintiff was arrested on January 4, 2021.

282. Plaintiff was held in Cook County Jail for approximately three years.

283. Plaintiff was extradited to Wisconsin around February 6, 2024.

284. Plaintiff was held in Wisconsin on excessive cash bail.

285. Plaintiff was sent to Mendota Mental Health Hospital for competency evaluation.

286. Plaintiff remained detained until April 30, 2024.

## Element 5: Favorable Termination

287. The Wood County case was dismissed on April 30, 2024.

288. Plaintiff was released.

289. No conviction was entered.

290. The prosecution ended in Plaintiff's favor.

## COUNT III

15

## FOURTEENTH AMENDMENT FABRICATION OF EVIDENCE

### Elements

291.    To establish fabrication of evidence, Plaintiff must show:
a. Defendants created, used, or relied on false evidence;
b. Defendants knew or should have known the evidence was false;
c. the false evidence was material;
d. the false evidence caused deprivation of liberty.

### How the Elements Are Met

292.    Defendants created or relied on a false affidavit stating Plaintiff's photos or fingerprints were obtained from Wood County Jail.
293.    Plaintiff had never been in Wood County Jail.
294.    The affidavit was false.
295.    The affidavit was material because it supported identification, probable cause, extradition, and jurisdiction.
296.    Hamill and Zeps relied on false identification and jurisdictional information.
297.    Zivilich relied on extradition paperwork containing false or defective identification information.
298.    The false affidavit caused arrest, extradition, and detention.
299.    Plaintiff was deprived of liberty for over three years.

## COUNT IV

## FOURTEENTH AMENDMENT DUE PROCESS – MATERIAL OMISSIONS OF EXCULPATORY EVIDENCE

### Elements

300.    To establish a due process violation from omissions, Plaintiff must show:
a. Defendants had material exculpatory information;
b. Defendants suppressed, omitted, or failed to disclose it;
c. the omission affected probable cause, charging, detention, or defense;
d. Plaintiff suffered harm.

### How the Elements Are Met

301.    Defendants possessed or had access to financial records showing denied claims and no reimbursement.
302.    Defendants possessed or had access to records showing inconsistent loss amounts.
303.    Defendants possessed or had access to reports showing no positive identification.

304. Defendants omitted these facts from the complaint and probable cause presentation.

305. The omissions were material because they defeated probable cause or reduced the charge below the 10k -100k threshold.

306. Hamill omitted the facts.

307. Gross failed to correct the omissions.

308. Zeps signed despite the omissions.

309. The omissions caused arrest, warrant issuance, extradition, bail, and detention.

## COUNT V

## UNLAWFUL DETENTION

## Elements

310. To establish unlawful detention, Plaintiff must show:
   a. Plaintiff was detained;
   b. detention lacked lawful basis;
   c. Defendants knew or should have known the detention lacked basis;
   d. Defendants caused or continued the detention.

## How the Elements Are Met

311. Plaintiff was detained from January 4, 2021 through April 30, 2024.

312. The detention lacked lawful basis because the warrant was based on false statements, omissions, no probable cause, no jurisdictional facts, and defective extradition service.

313. Hamill caused detention by creating the defective case.

314. Zeps caused detention by signing the defective complaint.

315. Zivilich continued detention through extradition processing.

316. Cook County Sheriff's Office continued detention by holding Plaintiff on the warrant.

317. Brazeau continued detention by maintaining bail and allowing proceedings to continue.

## COUNT VI

## CIVIL CONSPIRACY UNDER § 1983

## Elements

318. To establish civil conspiracy, Plaintiff must show:
   a. an agreement between two or more persons;
   b. to deprive Plaintiff of constitutional rights;

17

c. overt acts in furtherance of the agreement;

d. injury.

## How the Elements Are Met

319. Plaintiff alleges Wisconsin actors, Illinois actors, and Jasmine Hall agreed to use criminal process to detain Plaintiff.

320. The unlawful objective was to create and enforce a false warrant lacking probable cause. And stop plaintiff next time she visited the court records dept to investigate false child abduction claims in Illinois.

321. Jasmine Hall's motive was to remove Plaintiff from her children and relocate the children.

322. Overt acts included:

a. false Cook County allegations;

b. communication between Hall and law enforcement;

c. delayed Wisconsin charges in 2020;

d. signing of the Wisconsin complaint by Zeps;

e. issuance and use of the warrant; creation of a employee "memo" informing all Cook County Sheriff employees of said "wisconsin warrant once it was issued in 2020.

f. arrest on January 4, 2021;

g. defective extradition;

h. prolonged detention;

i. excessive bail;

j. competency coercion.

323. The creation and circulation of the Cook County Sheriff's memorandum constitutes an overt act in furtherance of the conspiracy, as it operationalized the agreement between Defendants by ensuring that Plaintiff would be identified and detained upon entering a Cook County facility. The memorandum, combined with the stop order and subsequent arrest on January 4, 2021, demonstrates that Defendants were not acting independently, but were executing a coordinated plan to deprive Plaintiff of liberty. Plaintiff suffered injury through loss of liberty, family separation, emotional trauma, medical harm, financial loss, and reputational damage.

## COUNT VII

## DELIBERATE INDIFFERENCE

## Elements

324. To establish deliberate indifference, Plaintiff must show:

a. Defendants knew of a substantial risk of constitutional violation;

b. Defendants consciously disregarded that risk;

c. Plaintiff was harmed.

18

**Defendant-by-Defendant Application**

325.   Hamill knew there was no verified identification, no Wood County presence, and contradictory financial evidence in 2018, yet proceeded.

326.   Gross knew the case depended on unverified reports, yet assisted.

327.   Zeps knew the complaint lacked required facts and still certified it.

328.   Zivilich knew or should have known extradition service and process were defective, yet proceeded.

329.   Cook County Sheriff's Office knew Plaintiff was being held on extradition paperwork and failed to ensure lawful service or release.

330.   Wood County knew Plaintiff had been detained for years and still used excessive cash bail.

331.   Marshfield Police Department maintained practices allowing officers to rely on incomplete reports.

332.   Hall knew his allegations and motives were false and custody-driven, yet encouraged prosecution.

333.   Brazeau knew Plaintiff challenged jurisdiction and probable cause, yet limited questioning, found probable cause, maintained bail, and ordered competency after plea refusal.

334.   Plaintiff suffered over three years of detention.

## COUNT VIII

## EXCESSIVE BAIL AND DUE PROCESS VIOLATION

### Elements

335.   Plaintiff must show:
   a. she had a constitutional interest in reasonable bail;
   b. bail was excessive, punitive, or imposed without proper process;
   c. detention resulted.

### How the Elements Are Met

336.   Wisconsin bail law and constitutional protections required reasonable bail and consideration of ability to pay.

337.   Plaintiff was given $30,000 cash bail.

338.   The court failed to consider ability to pay.

339.   The court failed to consider non-cash alternatives.

340.   The court failed to consider Plaintiff's three-year prior detention.

341.   The court failed to consider medical issues.

342.   Bail was reduced to $15,000 cash but remained unaffordable.

343.   Bail functioned as detention, punishment, and plea coercion.

344.   Plaintiff remained incarcerated as a result.

**COUNT IX**

**DUE PROCESS – EXERCISE OF JURISDICTION WITHOUT FACTUAL BASIS**

**Elements**

345. Plaintiff must show:
   a. deprivation of liberty;
   b. state action;
   c. lack of lawful authority or process.

**How the Elements Are Met**

346. Plaintiff was deprived of liberty.
347. Defendants acted under color of law.
348. The complaint failed to establish Plaintiff committed a crime in Wood County.
349. The complaint failed to establish territorial jurisdiction.
350. Defendants used false identification and false loss allegations to create jurisdiction.
351. Brazeau proceeded despite Plaintiff's objections.
352. Plaintiff was detained and prosecuted without due process.

**COUNT X**

**MONELL LIABILITY AGAINST WOOD COUNTY, MARSHFIELD POLICE DEPARTMENT, AND COOK COUNTY SHERIFF'S OFFICE**

**Elements**

353. Plaintiff must show:
   a. a constitutional violation;
   b. caused by policy, custom, practice, failure to train, or failure to supervise;
   c. municipal action was the moving force behind the injury.

**How the Elements Are Met**

354. Constitutional violations occurred through false arrest, malicious prosecution, fabrication, unlawful detention, extradition violations, excessive bail, and due process violations.
355. Marshfield Police Department failed to train / supervise officers to verify identity, verify financial loss, disclose exculpatory evidence, and avoid false probable cause statements.
356. Wood County permitted detention and bail practices that ignored ability to pay and prior detention.

20

357. Cook County Sheriff's Office maintained practices allowing detention on extradition warrants without proper warrant service.

358. These customs and failures were moving forces behind Plaintiff's injuries.

## VI. IMMUNITY RESPONSE SECTION

359. Defendants may claim qualified immunity.

360. Qualified immunity does not apply because the right to be free from arrest without probable cause was clearly established.

361. Qualified immunity does not apply because the right to be free from fabrication of evidence was clearly established.

362. Qualified immunity does not apply because the right to due process and disclosure of material exculpatory information was clearly established.

363. Qualified immunity does not apply because no reasonable officer could believe it was lawful to omit denied claim information, inflate loss amounts, rely on unverified identity, or use a false jail identification affidavit.

364. Defendant Brazeau may claim judicial immunity.

365. Plaintiff alleges Brazeau acted in the clear absence of jurisdiction because the complaint and record failed to establish any crime committed by Plaintiff in Wood County.

366. Plaintiff also seeks declaratory relief against Brazeau in his official capacity.

367. Plaintiff preserves all objections to immunity.

## VII. DAMAGES

368. Plaintiff was deprived of liberty for approximately three years and four months.

369. Plaintiff suffered emotional distress, trauma, humiliation, reputational harm, medical deterioration, loss of income, loss of business opportunity, family separation, and loss of stability.

370. Plaintiff seeks compensatory damages in an amount not less than **$60,000,000**.

371. Plaintiff seeks punitive damages against individual defendants because their conduct was malicious, reckless, intentional, and deliberately indifferent.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

A. Compensatory damages not less than **$60,000,000**;

B. Punitive damages against individual defendants;

C. Declaratory judgment that Plaintiff's constitutional rights were violated;

D. Costs of suit;

E. Any other relief the Court deems just and proper.

## IX. JURY DEMAND

21

Plaintiff demands trial by jury on all issues so triable.

Date: 4/27/2026

Affiant state that everything is true and correct to my best knowledge and belief under the laws of United States of America. Signed this 27th  Day of April

2026                                                          /s/ Dyson,Stefannie

4/27/2026

Email: ILSTATECASES@GMAIL.COM

Phone: 504 370 5241

22